# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JASON A. MULLER,

      Plaintiff,

v.                                                Case No: 8:15-cv-822-T-24MAP

FREEDOM MEDICAL PENNSYLVANIA,
INC.,

      Defendant.

_____

## <u>ORDER</u>

This cause comes before the Court on Defendant Freedom Medical Pennsylvania, Inc.'s Motion to Dismiss the Second Amended Complaint or, in the Alternative, for Summary Judgment, and Incorporated Memorandum of Law (Dkt. 18) and Plaintiff Jason A. Muller's Response in Opposition (Dkt. 23). The Court, having considered the motion, response, and being otherwise advised, concludes that the motion should be denied.

## I.    BACKGROUND

On February 18, 2015, Plaintiff filed a complaint in state court against his former employer, Defendant Freedom Medical Pennsylvania, Inc. The complaint alleged that Freedom Medical violated the Fair Labor Standards Act's ("FLSA") overtime compensation provisions. On April 6, 2015, Defendant removed the action to this Court (Dkt. 1) and Plaintiff filed an amended complaint (Dkt. 2). On April 28, 2015, Plaintiff filed a second amended complaint, which asserts a single count of FLSA overtime violations. (Dkt. 9).

Plaintiff alleges that he was employed by Defendant as an Operations Manager from April 2010 to August 2014, during which time he was misclassified as being exempt from overtime compensation, and paid a salary of $45,000 annually. (*Id*. ¶¶ 15, 18). Plaintiff asserts that he spent

the majority of his workweeks performing non-exempt duties and that on average, he worked 55 hours per week. (*Id*. ¶¶ 17, 20.) Plaintiff asserts he was not compensated for all hours he worked in excess of 40 hours per week as required by the FLSA. (*Id*. ¶ 20).

Defendant now moves to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Defendant requests that the Court consider the motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id*. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Bell Atlantic Corp. v. Twombly,* the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555, 127 S. Ct., 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).

In accordance with *Twombly,* Federal Rule of Civil Procedure 8(a) calls "for sufficient ¶factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

### A.   <u>Motion to Dismiss</u>

Defendant asserts that Plaintiff has failed to state a claim for a violation of the FLSA. To state a claim for failure to pay overtime under FLSA, an employee must allege: (1) an employment relationship; (2) that the employer engaged in interstate commerce; and (3) that the employee worked over forty hours per week but was not paid overtime wages. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, n. 68 (11th Cir. 2008).

In the instant case, Plaintiff's second amended complaint, adequately alleges a claim for violation of the FLSA's overtime compensation provisions. Plaintiff alleges that from April 2010 to August 2014, he was employed by Defendant as an Operations Manager. (Dkt. 9, ¶ 15). Next, Plaintiff alleges Defendant is an enterprise engaged in interstate commerce because Defendant had an annual gross volume of sales in excess of $500,000.00 and because Defendant's employees throughout various locations in the United States are engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. (*Id.* at ¶8). Finally, Plaintiff alleges he worked on average, 55 hours per week and was not paid overtime. Additionally, Plaintiff alleges he was misclassified as being exempt from overtime compensation and that he spent the majority of his time completing non-exempt work tasks. (*Id.* at ¶¶ 17, 18). The Court concludes that these allegations are sufficient at this stage of the litigation to state claim

for FLSA overtime violations. "[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the act." *Id.* At this stage of the proceeding, no more is required. *Id.; see also Spigner v. Lessors, Inc.,* No. 8:11–cv–420–T–24–MAP, 2011 WL 1466282, at *2 (M.D. Fla. Apr.18, 2011). Therefore, the Court finds that Plaintiff has adequately stated a claim for violation of the FLSA's overtime compensation provisions.

With regard to Defendant's alternative request that the Court convert its motion to dismiss into a motion for summary judgment, the Court finds that granting Defendant's request would be premature at this stage in the proceedings. While the Court may convert a motion to dismiss to a motion for summary judgment and consider matters submitted outside the pleadings, the decision to do so is within the Court's discretion." *Dawkins v. Picolata Produce Farms, Inc.,* 2005 WL 3054054, at *2 (M.D. Fla. Nov.15, 2005). "As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841, 843 (11th Cir. 1989); *see also Naeyaert v. E. Coast Pulmonary & Critical Care Associates, Inc.*, No. 8:10-CV-400-T-33TBM, 2010 WL 3942906, at *1 (M.D. Fla. Oct. 5, 2010) (denying the defendants' request to consider their Rule 12(b)(1) motion for lack of FLSA coverage under Rule 56 as premature). Given the early stage of the proceedings, the Court declines to consider Defendant's motion for summary judgment until after Plaintiff has an adequate opportunity to conduct discovery. *See Dawkins,* 2005 WL 3054054 at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Second Amended Complaint or, in the Alternative, for Summary Judgment, and Incorporated Memorandum of Law (Dkt. 18) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 12th day of August, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties